UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MOTOROLA, INC., AND
FREESCALE SEMICONDUCTOR, INC.

Plaintiffs,

v.

MICRON TECHNOLOGY, INC.,

Defendant.

Civil Action No. A 04 CA 007 LY

FILED
JUL 19 2004
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY DEPUTY CLERK

DEFENDANT MICRON TECHNOLOGY INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CONSOLIDATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 42(a)

## I. INTRODUCTION

Plaintiffs have asked this Court to consolidate "for all purposes" the transferred systems action between Micron and *Motorola*, Civil Action No. A-04-CA-390 LY ("the systems case"), with this original semiconductor action involving for the most part Micron and *Freescale* ("the semiconductor case"). Motorola's motion asks this Court to decide at this early stage, before the parties have even chosen which patents to pursue, whether the final issues (which are currently unknown) will be so related as to justify a single jury trial on all issues. Because both cases are being managed by the same judge, formal consolidation is just not necessary. The Court may adopt, and Micron is amenable to, a myriad of case management strategies. Many of these strategies would enable the Court to efficiently manage both cases as one for discovery purposes. Motorola's request that the Court go a step further and decide now to consolidate the cases for all purposes including trial, however, is premature. Motorola's request should be denied for that reason alone.

The request for consolidation is also unwarranted on the merits. But for (i) the Wisconsin claims Motorola improperly added into, and is not pursuing in, the systems case, and



42

(ii) Motorola's duplicative semiconductor claims, which it added to the systems case, there are no common factual or legal issues justifying consolidation. In other words, stripping away the mere overlap in the pleadings that Motorola engineered to achieve its strategic objective of a Texas-only dispute, there is no substantive overlap between the semiconductor case first filed here and the systems case now transferred here. Additionally, for the most part, the parties in the two cases are distinct. The semiconductor case will involve discovery from Freescale; a finding of infringement will enjoin certain Freescale operations. The systems case will involve discovery from Motorola; a finding of infringement will enjoin certain Motorola operations.

Lastly, if granted, consolidation for trial would prejudice Micron. Micron would be required to litigate against two parties, potentially being forced to assert half the patents against each party as may be collectively asserted against Micron. Micron would also have to address two separate and distinct technologies, lessening the jury's ability to grasp either one and thus its ability to understand Micron's claims.

## II. FACTUAL BACKGROUND

Motorola filed the semiconductor suit against Micron in Texas on January 8, 2004, asserting ten semiconductor patents whose ownership was later transferred to Freescale. Micron answered by asserting seventeen of its own semiconductor patents on March 15th.

Micron filed the systems suit in Wisconsin on March 30, 2004, asserting six systems patents against Motorola. On April 23rd, Micron amended its complaint, adding one additional and related patent, and served Motorola. In response, Motorola filed amended counterclaims on April 27th in Texas, injecting the Micron Wisconsin systems patents into this Texas action.[1] Motorola then answered Micron's Wisconsin complaint by asserting five of the Freescale semiconductor patents that Motorola had already asserted in Texas.

On May 10, 2004, Motorola moved to transfer the Wisconsin case to Texas on the grounds that Texas was the first-filed court for that action. The Wisconsin Court granted the

[1] *See* Motorola's Reply and Amended Counterclaim in Reply to Counterclaims and Demand for Jury Trial. [Docket No. 17 at p.15, ¶15.]

motion on June 10th. Although the court found that none of the Section 1404 convenience factors weighed in favor of transfer, the court concluded that Texas was the first filed court.[2]

On July 7th, this Court issued an Order requiring the parties to select six patents for initial discovery. Motorola was required to select six of its ten semiconductor patents. Micron was required to select six patents total out of its seventeen semiconductor patents and seven systems patents. Motorola chose six semiconductor patents; Micron chose three semiconductor patents and three systems patents.

On July 26th, this Court will be presented with a tutorial introducing the various technologies in this and the systems action.

## III. ARGUMENT

Rule 42(a) provides that "[w]hen actions involving a ***common question of law or fact*** are pending before the court, it may ... make such orders concerning proceedings therein as may tend to ***avoid unnecessary costs or delay***."[3] The Fifth Circuit has made it clear that "[c]onsolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay." *St. Bernard General Hospital, Inc. v. Hospital Service Assoc.*, 712 F.2d 978, 989 (5th Cir. 1983) (citing Fed. R. Civ. P. 42; *In re Dearborn Marine Service, Inc.*, 499 F.2d 263, 270-271 (5th Cir. 1974), *cert. dism'd*, 423 U.S. 886 (1975)); *see also Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 (5th Cir. 1992); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989). Consolidation, however, is not proper where there are no common issues of law or fact. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993). "Consolidation is [also] improper if it would prejudice the rights of the parties." *St. Bernard General Hospital, Inc.*, 712 F.2d at 978; *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195-96 (5th Cir. 1966), *cert. denied*, 386 U.S. 958 (1967) ("Where prejudice to rights of the parties obviously results from the order of consolidation, the action of the trial judge has been held reversible error."). Even when

[2] The Wisconsin Court has now denied Micron's Motion for Reconsideration. A copy of the order is attached to Horton Declaration as Exhibit A (Horton Decl., Exh. A).

[3] Fed. R. Civ. P. 42(a) (emphasis added).

all the conditions for consolidation are satisfied, courts will often delay a decision until such time as they may ascertain whether consolidation will indeed "avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) ("... a judge may act well within his discretion in delaying the crucial decision and ordering the parties to proceed with discovery in both actions").

**A. Consolidation is Inappropriate Because There Are Insufficient Questions of Law or Fact in Common.**

As the moving parties, plaintiffs have the burden of showing common questions of law or fact.[4] Because plaintiffs have yet to show sufficient common questions of law or fact, consolidation should be denied.

Plaintiffs do not identify any specific overlapping questions of law or fact. Instead, they merely assert that the two actions "have identical parties as well as common questions of law and fact" because all of the Wisconsin patents have been asserted in the Texas action, because "all the claims relate to patent infringement," and because each action "will require discovery and testimony about the same or similar issues."[5] Motorola's assertion that the two actions "will require discovery and testimony about the same or similar issues" is both unsupported and wrong. Plaintiffs can only make the claim by relying on their own addition of duplicative claims to create overlap between the two actions as pleaded, thus elevating procedure over substance. Additionally, the fact that both cases are patent cases does not mean that they contain common questions of law.[6] Even if there were overlapping legal issues, the real question, especially when

[4] *See* 8 James Wm. Moore, Moore's Federal Practice 3D § 42.10[2][a].

[5] Motion for Consolidation, at p. 3.

[6] *See, e.g., Liqui-Box Corp. v. Reid Valve Co.*, 1989 U.S. Dist. LEXIS 17189 at *3-4 (D. Pa., 1989) (finding that "[t]he two cases do not involve such common questions of law and fact as to justify consolidation. Aside from the similarity that both pending actions are design patent cases, there are no apparent common issues of fact and . . . [t]he mere fact that two cases assert similar theories of recovery does not constitute a common question of law so as to warrant consolidation. *Flintkote v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 465 (S.D.N.Y. 1977)"(emphasis added)); *see also Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, Case No. C-92-20643 (RMW), 1994 U.S. Dist. LEXIS 17569 at *14 (N.D. Cal. 1994) (finding that "the likelihood of jury confusion outweighs any efficiency that might be achieved through consolidation" of two patent cases, even though there were some common issues).

the Court is asked to consider consolidation <u>for trial</u>, is whether substantial issues that the jury needs to decide in fact overlap. Plaintiffs ignore this question entirely.

There are, at core, two distinct actions here. The first action was filed by plaintiffs in Texas and involves a semiconductor action between Micron and Freescale. The action also involves Motorola, but only tangentially and only because Motorola was the legal entity infringing Micron's patents before the Freescale spinoff. Freescale is the only party alleged to be currently infringing.[7] Given that the Freescale spin-off comprises all of Motorola's semiconductor business, most if not all discovery involving the semiconductor patents will involve discovery provided by Freescale.

The second action was filed by Micron in Wisconsin and involves a systems action between Micron and Motorola. Although Motorola attempted to assert Freescale semiconductor patents in that action and has submitted pleadings with Freescale listed as a party, Freescale is not a party in that action.[8] All systems patents are asserted only against Motorola. None are asserted against Freescale. But for any typical third-party discovery that might be had of companies including Freescale, all other discovery will be sought from Motorola. Motorola is the only party accused of infringing the systems patents.

Therefore, fundamentally, each case involves different parties, different patents and different technology. Plaintiffs' procedural move of adding into this Texas action declaratory judgment counterclaims on Micron's systems patents, as well as its move of adding duplicative semiconductor claims in the systems action, should not be used to bootstrap its consolidation argument. Without those claims, there are no overlapping issues of law or fact even on paper. It is the claims of each patent that define the legal issues,[9] and none of the semiconductor patents

---

[7] Micron intends to amend its Answer, within the initial discovery period, to specifically accuse Freescale rather than Motorola of ongoing infringement.

[8] Freescale was not joined as a party to the Wisconsin action, and neither Freescale nor its predecessor, Motorola's Semiconductor Product Sector, are implicated in the systems case.

[9] *Johnson & Johnson Assoc. Inc. v. R.E. Service Co., Inc.*, 285 F.3d 1046 (Fed. Cir. 2002) ("[C]laims define the scope of patent protection."); *see also Illinois Tool Works v. Foster Grant Co., Inc.*, 395 F. Supp. 234, 250-51 (N.D. Ill. 1974) ("[A]n alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent.").

are the same as – or even related to – Micron's systems patents. Plaintiffs do not argue otherwise. Moreover, as the Court has seen already in the June 18th hearing and will see again in the tutorial, there is simply no meaningful factual overlap between the system and semiconductor claims.

Additionally, regardless of Motorola's addition of duplicative claims into each action, which theoretically raises the possibility of overlap, in fact we now know there will not be any overlapping issues of law or fact. In choosing its six patents on which to proceed, plaintiffs chose six of Freescale's semiconductor patents, not any of the systems patents it asserted declaratory judgment counterclaims on in this case. Although Motorola has asserted duplicative claims on three of those patents in the systems action, plaintiffs cannot use that fact to bolster its "common issue" argument, as it would surely not ask this Court to allow it to pursue the identical patents in both actions.

As for Micron, Micron chose three of its semiconductor patents (asserted in the Texas action) and three of the Micron systems patents (only asserted by Micron in the Wisconsin action). Therefore, if the important substantive distinctions between the two cases as filed remain, the Court will only be asked to resolve semiconductor patent issues in the Texas action and will only be asked to resolve separate and distinct systems patent issues in the systems action.

**B. Even if Consolidation Were Appropriate, Consolidation at This Stage in the Case Is Unnecessary and Premature.**

Because the two cases at issue are both before this Court, this Court may take, under Rule 42(a), any actions it deems appropriate to consolidate or otherwise efficiently manage the early stages of the two cases. Where, as here, the same judge is already managing both cases and may do so with an eye towards global efficiency, formal consolidation for any purpose is simply not needed. Micron remains open to whatever case management strategies the Court deems necessary and proper to improve efficiencies, but maintains that formal consolidation, especially for trial, is not one of them.

Consolidation for trial is plainly premature. The only real, and intended, effect of consolidating now "for all purposes" as plaintiffs ask would be to determine, prematurely, that all patents that will eventually be selected be tried before one jury. The Court recognized a month ago that consolidation for purposes of trial was premature, [10] and nothing has happened in the case to make consolidation for trial any more appropriate now. In fact, per the Court's July 7th Order, the parties will not even pick patents on which to proceed to trial until November 15, 2004.[11] Even after that date, patents and/or claims may drop out of the action during dispositive motion practice, which is not scheduled to end until November 14, 2005.[12] Until this case takes shape, it is impossible to say whether consolidation for trial would be warranted. Particularly given the technology gulf between the two cases, "the possibility would remain for some time that the dominant issues might ultimately turn out to be distinct in each suit." *Mann Mfg.*, 439 F.2d at 403. Therefore, plaintiffs cannot meet their burden of showing that consolidation will avoid unnecessary costs or delay. *See Frazier*, 980 F.2d at 1532 (5th Cir. 1993) (finding no abuse of discretion in denying a motion for consolidation where the moving party did not show how consolidation would serve the purpose of avoiding unnecessary costs or delay).

In fact, as these cases take shape, Micron envisions that it will be proceeding with systems patents against Motorola and with semiconductor patents against Freescale. As will be explained to the Court at the July 26, 2004 tutorial and beyond, the patents and technologies asserted and the products implicated differ entirely. To suggest that a single jury should learn all of these disparate technologies serves plaintiffs' apparent strategic objectives, not the interests of justice.

For all these reasons, Micron requests that this Court "act well within [its] discretion in delaying the crucial decision" until after discovery.[13]

---

[10] Transcript of Defendant's Motion to Dismiss Before the Honorable Lee Yeakel, June 18, 2004, page 44, lines 7-18.

[11] Scheduling Order, July 7, 2004 at p. 1, ¶ 3.

[12] Scheduling Order, July 7, 2004 at p. 3, ¶ 9.

[13] *Mann Mfg.*, 439 F.2d at 407.

### C. Consolidation Would Prejudice Micron.

Because the only effect of consolidating the two cases would be to lock Micron into a single trial on its semiconductor and systems patents, consolidation would also prejudice Micron. As it is, the fact that Micron was forced to choose six patents amongst its seventeen semiconductor and seven systems patents has left Micron disadvantaged. Motorola and Freescale are now proceeding jointly against Micron, asserting six Freescale semiconductor patents targeted at enjoining Micron from manufacturing the one product that constitutes ninety-six percent of its business.[14] By contrast, Micron had to split its efforts and move forward with only three patents targeted at enjoining Freescale's semiconductor efforts and three systems patents targeted at enjoining a few of Motorola's voluminous and diverse systems efforts. Therefore, in Micron's dispute with Freescale (who will be a wholly separate company by year's end), Freescale is permitted to move forward on six of its patents and Micron had to choose half the amount or otherwise sacrifice its ability to resolve its separate and distinct dispute with Motorola. If the cases are consolidated for trial, this already unfair situation will be made worse because Micron would be forced to address many separate and distinct technologies in order to carry its burden, thus lessening the jury's ability to grasp the technologies and to understand Micron's claims.

## IV. CONCLUSION

Because consolidation would be improper, unnecessary, and prejudicial, plaintiffs' motion should be denied.

[14] Horton Decl. at ¶ 3.

Respectfully submitted,

Dated: July 19, 2004

FISH & RICHARDSON P.C., P.A.

By: B. Russell Horton / by permission TAS SBOT 24008132

B. Russell Horton
KINCAID, HORTON & SMITH
106 E. 6th Street, Ste. 500
Austin, TX 78701
(512) 499-0999
(512) 499-0816 (Facsimile)

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02210-2804
(617) 542-5070
(612) 542-8906 (Facsimile)

Katherine Kelly Lutton
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063-1526
(650) 839-5070
(650) 839-5071 (Facsimile)

Attorneys for Defendant
MICRON TECHNOLOGY, INC.

50226240.doc